**COMMISSIONER OF INTERNAL REVENUE, Petitioner, v. Roy J. KINNEAR, Respondent.**

No. 8811.

Circuit Court of Appeals, Ninth Circuit.

April 5, 1938.

James W. Morris, Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Int. Revenue, of Washington, D. C., for petitioner.

H. B. Jones, of Seattle, Wash., for respondent.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

PER CURIAM.

Upon motion of counsel for petitioner, consented to by counsel for respondent, ordered petition to review herein dismissed, that a judgment of dismissal be filed and entered accordingly, and that the mandate of this court in this cause issue forthwith.

**COMMISSIONER OF INTERNAL REVENUE v. Dwight WHITING and George N. Whiting, Trustees, and Beneficiaries for and of Emily S. Perkins, Deceased.**

No. 8579.

Circuit Court of Appeals, Ninth Circuit.

March 17, 1938.

James W. Morris, Asst. U. S. Atty. Gen., for petitioner.

Dana Latham and George Bouchard, both of Los Angeles, Cal., for respondents.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

PER CURIAM.

Upon stipulation of counsel for the respective parties, and good cause therefor appearing, and by direction of the court, it is ordered that the petition to review herein be dismissed, that a judgment of dismissal be filed and entered accordingly, and that the mandate of this court herein issue forthwith.

**Nicholas J. CURTIS, Plaintiff-Petitioner, v. UTAH FUEL CO., Defendant.**

No. 6468.

Circuit Court of Appeals, Third Circuit.

March 15, 1938.

Nicholas J. Curtis, in pro. per.

H. Colin Minton, Jr., of Trenton, N. J., for defendant.

Before BUFFINGTON, DAVIS, and BIGGS, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the court below, on a motion to strike, the judge held:

"The whole complaint is prolix, verbose, and incoherent. Making all due allowance for the fact that the plaintiff is not a member of any bar (although he subscribes himself a bachelor of laws) the document on its face fails to disclose any cause of action against the defendant herein.

"The motion to strike it out will be granted."

Examination of the record satisfies us the court was right in so holding. We may further add that the papers filed fail to comply with the statutory requirements where a contention of bias and prejudice is made against a judge.

So regarding, the order sustaining the motion to strike is affirmed.